IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MARK CONRAD FAUROT, II,

        Plaintiff,                       No. CIV S-08-0254 MCE DAD P

    vs.

C A TERHUNE, et al.,

        Defendants.          <u>ORDER</u>

        Plaintiff is a state prisoner proceeding pro se. Plaintiff seeks relief pursuant to 42 U.S.C. § 1983 and has filed an application to proceed in forma pauperis pursuant to this court's April 3, 2008 order. This proceeding was referred to the undersigned magistrate judge in accordance with Local Rule 72-302 and 28 U.S.C. § 636(b)(1).

        Plaintiff has submitted an in forma pauperis application that makes the showing required by 28 U.S.C. § 1915(a). Accordingly, plaintiff will be granted leave to proceed in forma pauperis.

        Plaintiff is required to pay the statutory filing fee of $350.00 for this action. <u>See</u> 28 U.S.C. §§ 1914(a) & 1915(b)(1). Plaintiff has been without funds for six months and is currently without funds. Accordingly, the court will not assess an initial partial filing fee. <u>See</u> 28 U.S.C. § 1915(b)(1). Plaintiff will be obligated to make monthly payments of twenty percent of

1

1  the preceding month's income credited to plaintiff's prison trust account.  These payments shall
2  be collected and forwarded by the appropriate agency to the Clerk of the Court each time the
3  amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full.  See 28 U.S.C.
4  § 1915(b)(2).

5  The court is required to screen complaints brought by prisoners seeking relief
6  against a governmental entity or an officer or employee of a governmental entity.  See 28 U.S.C.
7  § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised
8  claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be
9  granted, or that seek monetary relief from a defendant who is immune from such relief.  See 28
10 U.S.C. § 1915A(b)(1) & (2).

11 A claim is legally frivolous when it lacks an arguable basis either in law or in fact.
12 Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28
13 (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an
14 indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke,
15 490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully
16 pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th
17 Cir. 1989); Franklin, 745 F.2d at 1227.

18 Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and
19 plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the
20 defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  Bell Atlantic
21 Corp. v. Twombly, ___ U.S. ___, ___, 127 S. Ct. 1955, 1964 (2007) (quoting Conley v. Gibson,
22 355 U.S. 41, 47 (1957)).  However, in order to survive dismissal for failure to state a claim a
23 complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it
24 must contain factual allegations sufficient "to raise a right to relief above the speculative level."
25 Bell Atlantic, 127 S. Ct. at 1965.  In reviewing a complaint under this standard, the court must
26 accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital

Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor. Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

The Civil Rights Act under which this action was filed provides as follows:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. The statute requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff. See Monell v. Department of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976). "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Moreover, supervisory personnel are generally not liable under § 1983 for the actions of their employees under a theory of respondeat superior and, therefore, when a named defendant holds a supervisorial position, the causal link between him and the claimed constitutional violation must be specifically alleged. See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978), cert. denied, 442 U.S. 941 (1979). Vague and conclusory allegations concerning the involvement of official personnel in civil rights violations are not sufficient. See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

In the present case, plaintiff has identified as defendants C A Terhune, G. Rodriguez, and Governor Arnold Schwarzenegger. The complaint itself is more than 500 hand-written pages in length. Under Rule 8 of the Federal Rules of Civil Procedure, a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief."

1  Fed. R. Civ. P. 8(a)(2).  Plaintiff's complaint is neither short nor plain.  Although the Federal
2  Rules adopt a flexible pleading policy, a complaint must give fair notice to the defendants and
3  must allege facts that support the elements of the claim plainly and succinctly.  <u>Jones v.</u>
4  <u>Community Redev. Agency</u>, 733 F.2d 646, 649 (9th Cir. 1984).  Because plaintiff has failed to
5  comply with the requirements of Fed. R. Civ. P. 8(a)(2), the complaint must be dismissed.  The
6  court will, however, grant leave to file an amended complaint that is no longer than twenty-five
7  (25) pages in length.

8         If plaintiff chooses to file an amended complaint, in the section of the complaint
9  form in which the plaintiff is required to set forth a brief statement of the facts of the case, he
10  must describe how each defendant has deprived him of his constitutional rights.  Plaintiff should
11  not give any legal arguments or cite any cases or statutes.  Plaintiff is advised that there can be no
12  liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a
13  defendant's actions and the claimed deprivation.  <u>Rizzo v. Goode</u>, 423 U.S. 362 (1976); <u>May v.</u>
14  <u>Enomoto</u>, 633 F.2d 164, 167 (9th Cir. 1980); <u>Johnson v. Duffy</u>, 588 F.2d 740, 743 (9th Cir.
15  1978).  Vague and conclusory allegations of official participation in civil rights violations are not
16  sufficient.  <u>Ivey v. Board of Regents</u>, 673 F.2d 266, 268 (9th Cir. 1982).

17         Plaintiff is informed that the court cannot refer to a prior pleading in order to
18  make plaintiff's amended complaint complete.  Local Rule 15-220 requires that an amended
19  complaint be complete in itself without reference to any prior pleading.  This is because, as a
20  general rule, an amended complaint supersedes the original complaint.  <u>See</u> <u>Loux v. Rhay</u>, 375
21  F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an amended complaint, the original pleading no
22  longer serves any function in the case.  Therefore, in an amended complaint, as in an original
23  complaint, each claim and the involvement of each defendant must be sufficiently alleged.

24         Accordingly, IT IS HEREBY ORDERED that:
25         1.  Plaintiff's May 12, 2008 application to proceed in forma pauperis is granted.
26         2.  Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action.

The fee shall be collected and paid in accordance with this court's order to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith.

       3. Plaintiff's complaint is dismissed.

       4. Plaintiff is granted thirty days from the date of service of this order to file an amended complaint that is no longer than **twenty-five (25) pages**; the amended complaint must comply with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice; the amended complaint must bear the docket number assigned to this case and must be labeled "Amended Complaint"; failure to file an amended complaint in accordance with this order will result in a recommendation that this action be dismissed without prejudice.

       5. The Clerk of the Court is directed to send plaintiff the court's form for filing a civil rights action.

DATED: May 22, 2008.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:9
faur0254.14a